IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAURIE LOVE,<br><br>         Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>         Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S APPEAL AND REMANDING CASE**<br><br>Case No. 1:06CV00093-BCW<br><br>Judge Brooke C. Wells |

Plaintiff, Ms. Laurie Love, appeals the denial of her claim for Supplemental Security Income by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). For the reasons outlined below, the Commissioner's decision is REVERSED and REMANDED.

## I. STANDARD OF REVIEW

The Commissioner's decision is reviewed to determine whether the factual findings are supported by substantial evidence and whether the relevant legal standards have been correctly applied. Daniels v. Apfel, 154 F.3d 1129 (10th Cir. 1998), citing Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a mere scintilla but less than preponderance. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389 (1971).

## II. DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining disability. The five steps are: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets or equals the criteria for an impairment listed in Appendix 1 of 20 C.F.R. Subpt. P; (4) whether the impairment prevents the claimant from performing his past relevant work; and (5) whether the impairment prevents the claimant from performing other work. The burden is on the Plaintiff to meet the first four steps. However, if Plaintiff does carry her burden in the first four steps, the burden shifts to the Commissioner to establish that there are other jobs existing in a significant number in the national economy which Plaintiff is capable of performing.

In the present case, the Commissioner, through the written decision of the ALJ, held at step one that Ms. Love had not engaged in SGA since the alleged onset date of her disability of February 2, 2004. At step two, he found that she had severe impairments of major depressive disorder, generalized anxiety disorder, panic disorder with agoraphobia, fibromyalgia, degenerative joint disease, and chronic obstructive pulmonary disease. (Tr. 14). Inexplicably, his step two determination was devoid of any findings regarding the claimant's diagnosed borderline personality disorder.

At step three, the ALJ found that none of Ms. Love's impairments met or equaled a Listing. (Tr. 17). At step four, he found that Ms. Love was unable to return to any past relevant work. (Tr. 21). At step five, he found that she could make a vocational adjustment to other work. (Tr. 21-22).

2

The ALJ's findings at steps one and three have not been disputed by Ms. Love. However, Ms. Love disputes the ALJ's ultimate determination on the basis of the following errors:

1. the ALJ's failure to include the borderline personality disorder in his findings at step two;
2. inappropriate consideration of the opinions of Ms. Love's treating medical providers;
3. an improper credibility determination; and
4. reliance on vocational expert testimony that was not based on an accurate recitation of Ms. Love's residual functional capacity.

As set forth below, the court agrees with Ms. Love as to each of the four points and that such errors warrant a reversal of the Commissioner's denial and remand for further proceedings.

**A.    The ALJ improperly rejected the claimant's borderline personality disorder at step two of the sequential evaluation process.**

At step two of the sequential process, the ALJ must decide whether the claimant suffers from a "severe" impairment, which is to be interpreted as one which has more than a slight effect on the claimant's ability to work. The Commissioner has passed regulations to guide dismissal of claims at step two. Those regulations state that an impairment may be found not severe only when evidence establishes nothing more than a "slight abnormality" on an individual's ability to work. Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (citing Social Security Ruling 85-28). As the United States Supreme Court declared, the step two inquiry is simply a *de minimus* screening device to dispose of groundless or frivolous claims. Bowen v. Yuckert, 482 U.S. 137,

153-54.  This of course means that an ALJ cannot dismiss a claim at step two unless he determines that it is groundless or frivolous.

Both the claimant's treating therapists, and the SSA's own contracted consultative examiner diagnosed the claimant with borderline personality disorder.  Without any explanation whatsoever, the ALJ failed to consider this impairment and excluded it from the list of impairments that met the *de minimus* step two screening.  By failing to include it at step two, he in effect rejected it as frivolous.  Because the ALJ did not explain why it was excluded, it is unclear whether this was a deliberate omission or an inadvertent oversight.  Either way, the omission constitutes legal error.  The ALJ has a duty to consider the combined impact of all the claimant's impairments.  As explained in the regulations:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.

20 CFR § 404.1523, Multiple impairments.  In contrast to the regulations, the ALJ did not consider the combined impact of the claimant's Borderline Personality Disorder along with her other impairments.

The claimant's treating sources, as well as the Commissioner's own psychological examiner, Dr. Grow, noted a number of symptoms from borderline personality disorder that would create significant limitation in the workplace.  For example, Dr. Grow explains:

> Ms. Love is fearful of being abandoned, reports her moods are unstable, has an

>unstable self-image, is impulsive in many areas, has engaged in repeated suicidal and para-suicidal attempts, has problems within the area of anger, and chronic feelings of emptiness. There is also a history of reported sexual abuse involved in this case. In short, Laurie does qualify for a diagnosis of borderline personality disorder as it is outlined in DSM-IV.

(Tr. 223).

On remand, Ms. Love's borderline personality disorder shall be considered and the limitations from such condition considered in the other steps of the sequential evaluation.

### B. The ALJ improperly rejected the opinions of the claimant's treating medical providers.

Ms. Love's treating medical providers identified numerous limitations which are clearly inconsistent with competitive employment. As discussed further below, the vocational expert at the hearing testified that the limitations assessed by the treating sources would preclude employment. Thus, in order to find that the claimant was not disabled the ALJ had to reject the opinions of the claimant's treating sources. By not providing appropriate reasons or conducting the appropriate analysis in rejecting the opinions of treating sources, the ALJ committed legal error.

The opinion of a treating physician is entitled to great weight and the Commissioner must provide "specific, legitimate reasons" for rejecting a physician's opinion. See Miler v. Chater, 99 F.3d 972 (10th Cir. 1996); Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987). Those reasons "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p "Giving Controlling Weight to Treating Source Medical Opinions" (on

the web at www.ssa.gov/OP_Home/rulings).  Bare conclusions are "beyond meaningful judicial review."  Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996).  Furthermore, "[t]here are several specific factors the ALJ must consider, including:

> (1) the length of the treatment relationship and the frequency of the examination;
> (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;
> (3) the degree to which the physician's opinion is supported by relevant evidence;
> (4) consistency between the opinion and the record as a whole;
> (5) whether or not the physician is specialist in the area upon which an opinion is rendered; and
> (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion."

Drapeau v. Massanari, 10 Fed. Appx. 657, 661 (10th Cir. 2001) quoting Goatcher v. U.S. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th cir. 1995) (emphasis added).  Despite the deference owed to the claimant's treating sources, the ALJ summarily rejected their opinions without any specific references to support his summary conclusions.  (Tr. 20).  Conclusions without discussion and specific references to the records do not provide for meaningful judicial review.  Further, the vague assertions in the opinion do not provide a valid basis for rejecting the opinions of a treating source.  The Commissioner's own regulations provide that "we will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."  20 C.F.R. § 404.1527(d).  The ALJ's conclusions do not satisfy the standards set forth in Social Security's regulations nor the rulings of the federal courts.

On remand, the ALJ shall give proper weight and consideration to the opinions of Ms. Love's treating medical providers

### C. The ALJ improperly rejected Ms. Love's testimony.

While credibility determinations are peculiarly the province of the finder of fact or the ALJ, such findings "should be closely and affirmatively linked to substantial evidence . . ." Houston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988); see also, Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). In Social Security Ruling 96-7p, entitled "Evaluation of symptoms in disability claims: assessing the credibility of an individual's impairments", the following is required:

> The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 97-6p.

The ALJ rejected the testimony of the claimant without providing any valid reasons. Instead, t ALJ stated "there is no indication in the record" that Ms. Love cannot tolerate stress and "there is nothing in the record to support" her complaints of fatigue. Not only are these assertions too vague to be meaningful, but they are also contradicted by the claimant's medical records which indicate that she has a low tolerance for stress and has a great degree of fatigue.

On remand, the ALJ shall carefully consider the credibility of the claimant and provide specific reasons in connection with any credibility finding.

### D. The ALJ failed to meet his step five burden of identifying specific jobs the claimant could perform in light of her specific limitations.

At step five of the sequential evaluation, the burden shifts to the Commissioner to

identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite the identified limitations.  Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998).  One way the ALJ can meet that burden is by taking the testimony of a vocational expert.  However, the vocational expert's testimony must come in response to an accurate hypothetical.  "[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision."  Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991), *quoting* Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir.1990).

Although the ALJ in this case did call a vocational expert to testify at the hearing, the ALJ only considered the portion of the VE's testimony that came in response to an incomplete hypothetical.  The hypothetical relied on by the ALJ does not incorporate all of Ms. Love's limitations, as established by substantial evidence.  Furthermore, the posed hypothetical improperly excluded the opinions of Ms. Love's treating medical providers and is thereby tainted by such error.  When the vocational expert considered additional hypotheticals which more accurately reflected Ms. Love's limitations, he testified that there would be no jobs available to her in the competitive labor market.  (Tr. 389-92).  For example, when he considered the fact that Ms. Love's anxiety and fatigue would reduce her work production by 20-25 percent, he testified that this would not be tolerated in the labor market.  (Tr. 390).  Likewise, when he considered her need to lie down during the day, he testified that this would preclude employment.  Id.  He similarly testified that her degree of absenteeism would not be tolerated.  Id.

If a vocational expert is utilized on remand, the ALJ shall provide a hypothetical to the

expert that incorporates all of the claimant's limitations; properly taking into account the limitations set forth by the claimant's treating sources and incorporating such where supported by the evidence.

### III. CONCLUSION

Based upon the above analysis, IT IS HEREBY ORDERED that pursuant to sentence four of 42 USC § 405(g) the Commissioner's decision denying Ms. Love's applications for Disability Insurance Benefits and Supplemental Security Income is REVERSED and REMANDED for further administrative proceedings. IT IS FURTHER ORDERED that judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the United States Supreme Court's decision in Shalala v. Schaefer, 509 US 292, 296-302 (1993). IT IS FURTHER ORDERED that this case be CLOSED. Finally, upon remand, the ALJ who handled Ms. Love's case previously should consider recusing from this case.

DATED this 26th day of September, 2007.

Judge Brooke C. Wells
Magistrate Judge, United States District Court